IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **CHARLES GLEN SHOMO, JR.** | ) |
| | ) |
| **Plaintiff,** | ) Civil Action No. 7:14cv00040 |
| | ) |
| v. | ) |
| | ) By: Robert S. Ballou |
| **APPLE, INC.** and | ) United States Magistrate Judge |
| **JOE FLORES,** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

Plaintiff, Charles Glen Shomo, Jr., filed this employment discrimination action pro se against Defendants Apple, Inc. ("Apple") and Joe Flores, contending that Apple did not hire him because he is a white male. Shomo named Defendant Joe Flores in his lawsuit as the Apple employee who interviewed him for the position over Skype and thus made his hiring decision because of race. See generally Dkt. No. 1. Defendants filed a motion to dismiss the complaint, which has been referred to me for report and recommendation under 28 U.S.C. § 636(b)(1)(B). I have carefully considered the pleadings filed, the legal memoranda submitted and the applicable law and **RECOMMEND** that the court **GRANT** Defendants' motion and **DISMISS** the complaint in its entirety.

## FACTUAL BACKGROUND

In May 2013, Shomo applied for an At-Home Advisor position in Apple's customer service division. Shomo, who is white, did not provide his race on the job application, and passed an initial telephone screening interview, Dkt. No. 1 at 3, and then participated in an audio/video interview with Flores over Skype. Shomo contends that the interview, which was scheduled to

last twenty minutes, ended after only nine minutes when Flores saw him on Skype and learned that he was white.

Apple did not hire Shomo for the position and, in response to Shomo's EEOC charge of discrimination, explained that Shomo lacked customer service skills and did not demonstrate the ability to empathize with customers.[1] Shomo further contends that Flores stated that Shomo came across as "cold" during the interview. Dkt. No. 1 at 3. Not surprisingly, Shomo disagrees with the perceptions of how he performed in his interview, and claims that he was "fantastic" and that he demonstrated his "amazing ability [to] work with people in a similar field." Dkt. No. 1-1 at 1. Shomo's self-assessment of the interview was that he "spoke with high positive emotion during the interview . . . and demonstrated [his] outstanding ability to empathize with customers." Dkt. No. 1-1 at 1, Dkt. No. 15 at 3, ¶ 9. Shomo alleges in a conclusory fashion that he was qualified for the job and that Apple removed Flores as a Recruiter and returned him to an At-Home Team Manager position after Shomo filed his EEOC discrimination claim, a reassignment which Shomo appears to claim was likely a disciplinary action. Dkt. No. 1-1 at 1.

Shomo provided a sworn affidavit in his response to the motion to dismiss, which the court is required to "liberally construe[]" from a pro se party. See Erickson v. Pardus, 551 U.S. 89, 93 (2007). It is therefore appropriate for the court to consider both the complaint and the factual allegations in Shomo's response to the motion to dismiss in determining whether his claims can survive dismissal. See Christmas v. The Arc of the Piedmont, Inc., No. 3:12cv00008, 2012 WL 2905584, at *2 (W.D. Va. July 16, 2012) (considering complaint and response to motion to dismiss in pro se case when ruling on Rule 12(b)(6) motion); Davis v. Bacigalupi, 711 F. Supp. 2d 609, 615 (E.D. Va. 2010) (same); but see Bauknight v. Pope, No. 1:11cv1176, 2012

---

[1] In Shomo's response to the motion to dismiss, he elaborates that Apple further told the EEOC that he had "refer[ed] to customers as inanimate objects and demonstrat[ed] a lack of connectivity with his audience," Dkt. No. 15 at 3, ¶ 8, both of which he denies.

WL 681632, at *1 n.3 (E.D. Va. Feb. 27, 2012) (declining to consider new facts and nearly ninety pages of background material filed by pro se plaintiff in opposition to motion to dismiss).

Shomo contends in his verified response that he was qualified for the position and points to his past work history as "an independent customer service sales agent for a wireless company and education as a Valedictorian in a Master of Science program." Dkt. No. 15 at ¶ 4. Shomo further claims to have continued his "professional connection" and "professional relationship" with Flores through LinkedIn, which Shomo asserts "demonstrates that [Shomo] was qualified for the position in the eyes of Mr. Flores." Id. at ¶¶ 5, 7, 9, 11-12. Finally, Shomo contends that he sent an email to Flores thanking him for the opportunity to work for Apple, which Shomo suggests "is a good indication of a good interview." Id. at ¶ 10.

## ANALYSIS

A.   Sex Discrimination Claim

Apple first argues that this court does not have jurisdiction over Shomo's claim of sex discrimination because he did not allege sex as a basis of discrimination in his EEOC charge. A Title VII plaintiff is required to exhaust his administrative remedies by filing a timely charge of discrimination with the EEOC before bringing suit in federal court. See 42 U.S.C. § 2000e-5(f)(1); Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (a failure to exhaust "deprives the federal courts of subject matter jurisdiction over the claim"). The exhaustion requirement serves the dual "purposes of notice and conciliation." Chako v. Patuxent Inst., 429 F.3d 505, 510 (4th Cir. 2005). Exhaustion "gives the employer an initial opportunity to voluntarily and independently investigate and resolve the alleged discriminatory actions" and also "initiates agency-monitored settlement, the primary way that claims of discrimination are resolved." Id.

3

In determining whether claims have been properly exhausted, the court looks to the contents of the EEOC charge. Bryant v. Bell Atlantic Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002) (citing Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000)) ("The EEOC charge defines the scope of the plaintiff's right to institute a civil suit."). Specifically, "the scope of the civil action is confined … by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." Id. (quoting Chisholm v. United States Postal Serv., 665 F.2d 482, 491 (4th Cir. 1981)).

Shomo's EEOC charge is attached as an exhibit to defendant's motion to dismiss, see Dkt. No. 13-2, and may be considered by the court when ruling on a motion to dismiss. The charge alleges only a failure to hire claim based on race. The charge does not indicate any claim based on sex, and nothing in the charge would have led the EEOC to investigate a sex discrimination claim by Shomo. Accordingly, Shomo failed to properly exhaust his administrative remedies as to any sex discrimination claim and this court does not have jurisdiction over any such claim. See Jones, 551 F.3d at 300 ("a claim in formal litigation will generally be barred if the EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex"). I therefore recommend granting the motion to dismiss any claim of discrimination based on sex.[2]

**B.     Motion to Dismiss Joe Flores as a Defendant**

Defendants' seek dismissal of Joe Flores on the grounds that individual supervisors cannot be held liable under Title VII. It is well established that individual employees are not "employers" for purposes of Title VII and are not subject to individual liability for claims of discrimination. Baird ex rel. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999) (cited in Jones v.

---

[2] Shomo states in his response that "I believe I would have been hired for the job if I were a minority-male." [sic]. See Dkt. No. 15 at 4, ¶ 13.). This clearly undercuts any claim of sex discrimination.

Sternheimer, 387 F. App'x 366, 368 (4th Cir. 2010) (unpublished)); Lissau v. S. Food Serv., 159 F.3d 177, 180-81 (4th Cir. 1998). Shomo appears to concede this issue as well, see Dkt. No. 15 at ¶ 5, and thus, the court should dismiss the complaint against Flores.

**C.   Motion to Dismiss Race Discrimination Claim**

A motion to dismiss under Rule 12(b)(6) tests "the sufficiency of a complaint," and to survive such a motion, the complaint must give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted). The court must construe Shomo's pro se pleadings liberally, id. at 94, and must also accept his nonconclusory factual allegations as true at the motion to dismiss stage. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 572 (2007); Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011) (when ruling on 12(b)(6) claim, the court assumes "all well-pleaded, nonconclusory factual allegations in the complaint to be true").

Shomo must allege facts which "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570. A plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions . . . ." Id. at 555 (internal alterations and quotations omitted). Thus, neither "a formulaic recitation of the elements of a cause of action," id., nor "naked assertions devoid of further factual enhancements" will suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal alterations and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The factual allegations must "permit the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Coleman v. Md. Ct. of Appeals, 626

F.3d 187, 190 (4th Cir. 2010), aff'd, Coleman v. Ct. of Appeals of Md., 132 S. Ct. 1327 (2012) (quoting Ashcroft, 556 U.S. at 678).

Title VII prohibits an employer from "fail[ing] or refus[ing] to hire . . . any individual, because of such individual's race . . . ." 42 U.S.C.A. § 2000e-2(a). A Title VII plaintiff may prove a race discrimination claim by either direct or circumstantial evidence. See U.S. Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 714 n. 3 (1983). Shomo does not allege any direct evidence of discrimination, and thus the elements of his prima facie Title VII discrimination must be established through the well-known burden-shifting scheme established in McDonnell Douglas v. Green, 411 U.S. 792, 802–05 (1973). Under the McDonnell Douglas framework, a plaintiff may establish a prima facie case of disparate treatment in a failure to hire claim by showing by a preponderance of the evidence that: "(1) he is a member of a protected group; (2) he applied for the position in question; (3) he was qualified for the position; and (4) he was rejected for the position under circumstances giving rise to an inference of unlawful discrimination." Brown v. McLean, 159 F.3d 898, 902 (4th Cir. 1998).[3]

To survive a 12(b)(6) motion to dismiss, a plaintiff need not plead facts that constitute a prima facie case, but the framework may nonetheless be used to inform a court's evaluation of a plaintiff's allegations. Cf. Coleman, 626 F.3d at 190 (citations omitted); see also Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 764-65 (4th Cir. 2003) (a plaintiff need not allege specific facts establishing a prima facie case of discrimination, but must still set forth "facts sufficient to allege each element of his claim") (citation omitted). The complaint must allege sufficient facts to show a plausible entitlement to relief." See Fennell v. AARP, 770 F. Supp. 2d

---

[3] There exists a split in the circuits of whether, in a reverse discrimination suit such as this, a plaintiff must make an enhanced showing that he was not hired because of unlawful discrimination. Having reviewed this case law, I have chosen to apply the standard McDonnell Douglas test and will not require such an enhanced showing. See McNaught v. Va. Cmty. Coll. Sys., 933 F. Supp. 2d 804, 817-820 (E.D. Va. 2013).

6

118 (D.D.C. 2011). As applied here, Shomo must allege facts raising a plausible claim that he was not hired because of his race.

Shomo's claims of race discrimination are based on the allegations that: (1) Flores knew his race; (2) his interview with Flores lasted half the time that it had been estimated to last; (3) Shomo believes his interview was fantastic and afterward he sent a thank-you email to Flores; (4) Flores was moved to a different position after the charge of discrimination was issued by the EEOC and received by Apple; and (5) Flores continued to have a LinkedIn connection to Shomo after the interview. Shomo's allegations are insufficient to state a plausible claim that he was not hired because of his race. Individually and collectively, these facts simply do not establish a plausible, nonconclusory inference that Apple did not hire him because of race.

The mere fact that an employer knows an applicant's race does not support the assertion that an employer made a hiring decision on the basis of race. Similarly, that Shomo passed an initial screening interview, where his race was not known, does not mean that he was entitled to the job or that Flores did not hire him because of race. A shortened interview (assuming that is what occurred) standing alone or in conjunction with the fact that the interviewer knows the race of the applicant, does not create a plausible inference of racial discrimination. Cf. E.E.O.C. v. Siemens Maint. Servs., LLC, No. 3:07-1769-JFA, 2009 WL 363213, at * 5 (D.S.C. Feb. 10, 2009) (granting summary judgment for a defendant where the plaintiff based an age discrimination claim in large part on the fact that the plaintiff's interview was significantly shorter and did not go as well as the interview for the person who was hired).

Shomo's personal assessment that he had a "fantastic" interview does not support a plausible claim of race discrimination. In particular, an interview for a position that requires significant interpersonal skills is often based on more subjective factors. Shomo's self-serving

7

appraisal of his own performance provides no basis to contend that he was qualified for the position or that Apple did not hire him because of race. See Warch v. Ohio Cas. Ins. Co., 435 F.3d 510, 518 (4th Cir. 2006) (collecting authority for the proposition that a discrimination plaintiff's own self-assessment as to his performance is irrelevant and that it is the decision-maker's perception that matters). Similarly, the fact that Shomo sent a thank-you note to Flores does not support any allegation of a race-based hiring decision. Steps taken by Shomo after the interview simply have no bearing on Flores's perceptions of whether Shomo had the necessary qualifications for the job.

Apple's transfer of Flores to another position after Shomo filed the discrimination charge does not permit "the court to infer more than the mere possibility of misconduct." Coleman, 626 F.3d at 190. Even if Flores was transferred as a disciplinary action due to the charge of discrimination being filed, it does not mean that the charge of discrimination is substantiated or that Shomo was not hired because he is white. Likewise, Shomo's reliance on the LinkedIn connection with Flores cannot bear the weight he assigns it. Even if continuing a LinkedIn connection with an applicant was evidence that a recruiter thought well of the applicant generally—a dubious proposition, but one the court could accept on a motion to dismiss—it is no evidence that the recruiter thought the applicant was suited to the particular job for which he interviewed.[4]

Shomo's complaint is simply devoid of any allegations that Flores was of another race from Shomo, that the job went to a person of another race or that he faced any racially derogatory comments. The facts pled do not support even a "mere possibility of misconduct." See Coleman, 626 F.3d at 190. In short, Shomo has not pled a plausible claim, supported by

---

[4] Flores's continued LinkedIn connection with Shomo—to the extent it is evidence at all of what Flores thought—more readily supports an inference that Flores held no racial animus against Shomo.
8

factual allegations, that he was not hired because he is white. I recommend granting the motion to dismiss Shomo's race discrimination claim pursuant to Fed. R. Civ. P. 12(b)(6).

### **RECOMMENDED DISPOSITION**

For the foregoing reasons, it is **RECOMMENDED** that an order be entered **GRANTING** defendants' motion to dismiss, **DISMISSING THIS CASE WITH PREJUDICE**, and **STRIKING** the matter from the active docket of this court.

The Clerk is directed to transmit the record in this case to Michael F. Urbanski, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. All parties are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by me may be construed by any reviewing court as a waiver of such objection.

Enter: February 2, 2015

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge